UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Number: |
| : | |
| JAMES AGEE, Jr., : | |
| : | |
| Defendant. : | |

## FACTUAL BASIS FOR PLEA

The United States of America and the defendant, JAMES AGEE, Jr., by and through counsel, hereby stipulate to the following facts:

1. At all relevant times, the defendant, JAMES AGEE, Jr., was employed as a Special Agent of the Drug Enforcement Administration ("DEA"), a department and agency of the United States headquartered in Arlington, Virginia. Between approximately May 25, 1997 and November 3, 2002, the defendant served as the Country Attache in the Bridgetown, Barbados Country Office of DEA's Caribbean Field Division.

2. As the Country Attache, the defendant enlisted local police officers from Caribbean law enforcement agencies to participate in DEA-funded drug enforcement operations in the Caribbean Field Division. The operations were funded with DEA moneys administered by the Field Division's Fiscal Unit. The defendant was charged with the duty to disburse these moneys to each of the participating agencies and to keep true and accurate accounts and records of any disbursements he, or other DEA officials working for him, made to local law enforcement officers.

3. Before each operation began, the defendant submitted preliminary paperwork to the Field Division's Fiscal Unit, requesting approval for the disbursement of funds. Upon approval,

the defendant would receive from DEA a lump sum cash payment representing the total amount of operational funds to be disbursed. In turn, DEA sought reimbursement of its cash payment to the defendant by assigning an appropriation number to the defendant's request and forwarding it to the United States Department of the Treasury, headquartered in Washington, D.C. Ultimately, the Treasury Department would replenish DEA's operational account in the amount requested.

4. Thereafter, for each disbursement, the defendant, or a subordinate DEA official working for him, was required to have the payee sign a receipt -- "Standard Form 1165/Receipt for Cash" -- on which the payee would sign to acknowledge having received a specific dollar amount. At the conclusion of each operation, the defendant was charged with reviewing and approving "Standard Form 1164/Claim for Reimbursement for Expenditures on Official Business," which was an account and report of all funds so disbursed. The defendant, or his subordinate, would then attach all supporting Forms 1165 to the Form 1164 before the Form 1164 was submitted to the Fiscal Unit, in furtherance of his duty to keep true and accurate accounts and records of any disbursements he, or other DEA officials working for him, made to local law enforcement officers.

5. Between September 16, 1999 and September 13, 2002, as part of his administrative and record-keeping duties during the below-described DEA operations, the defendant concealed genuine Forms 1165 listing the true signature of, and amount of money received by, each of the local police officers to whom DEA operational funds were disbursed, and then replaced them with the below-described fabricated Forms SF-1165, which contained signatures of the local police officers and/or signatures of subordinate DEA officials which the defendant forged, and which contained higher amounts than what was, in fact, disbursed to the listed recipient:

| Operation | Fabricated Form 1165 | Purported Disbursement |
|---|---|---|
| Columbus | 9/16/99 | $6,450 |
| Columbus | 9/24/99 | $3,200 |
| Libertador | 10/22/00 | $5,000 |
| Libertador | 10/23/00 | $7,000 |
| Libertador | 10/27/00 | $6,000 |
| Libertador | 10/28/00 | $5,000 |
| Libertador | 10/28/00 | $4,000 |
| Hurricane 1 | 9/17/01 | $7,000 |
| Hurricane I | 9/20/01 | $7,000 |
| Hurricane I | 9/20/01 | $5,500 |
| Hurricane I | 9/20/01 | $5,000 |
| Hurricane II | 9/10/02 | $7,000 |
| Hurricane II | 9/11/02 | $5,000 |
| Hurricane II | 9/11/02 | $5,500 |
| Hurricane II | 9/12/02 | $5,500 |
| Hurricane II | 9/12/02 | $5,500 |
| Hurricane II | 9/16/02 | $5,500 |

6.  The defendant submitted the forged Forms 1165 to the Fiscal Unit, or caused them to be submitted, falsely representing that the information contained therein was true and correct. In truth and fact, the signatures which appeared on the Forms 1165 were not those of the local police

officers who supposedly had signed the Forms and/or the DEA officials who had supposedly disbursed the funds to those officers.

7. The defendant knew that the Forms 1165 submitted to the Fiscal Unit were false, fictitious, and fraudulent, in that the defendant, in fact, concealed the genuine Forms 1165 and forged and fabricated the signatures of local police officers and/or subordinate DEA officials on the submitted Forms 1165, and listed higher amounts of funds than what was, in fact, disbursed to the listed recipient.

8. The defendant admits that the amount of funds that were not dispersed as a result of the conduct described was more than $10,000, but did not exceed $30,000.

IT IS SO STIPULATED on this 16TH day of September, 2005.

FOR THE DEFENDANT

BY: _____
JAMES AGEE, Jr.
Defendant

BY: _____
JUDITH L. WHEAT, Esq.
Attorney for the defendant

FOR THE UNITED STATES

NOEL L. HILLMAN
Chief, Public Integrity Section
Criminal Division
United States Department of Justice

BY: _____
KARTIK K. RAMAN
NATASHIA TIDWELL
Trial Attorneys
Public Integrity Section