UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Number: |
| | : |
| JAMES AGEE, Jr., | : |
| Defendant. | : |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, JAMES AGEE, Jr., agree as follows:

1. The defendant is entering this Plea Agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily, and truthfully admits the facts contained in the attached Factual Basis for Plea.

3. The defendant agrees to waive venue and indictment and shall enter a plea of guilty to a single-count Information charging him with False Entries and Reports of Moneys or Securities, a felony violation of 18 U.S.C. § 2073. The defendant admits that he is guilty of this crime, and the defendant understands that he will be adjudicated guilty of this offense.

4. The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalty for the offense of False Entries and Reports of Moneys or Securities, 18 U.S.C. § 2073, is 10 years imprisonment, a $250,000 fine, and a $100 mandatory special assessment. The defendant understands that the Court

may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of supervised release is not more than 3 years. The defendant also understands that the Court may impose restitution, the costs of incarceration, and the costs of supervision.

5. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Agreement, the Public Integrity Section agrees that it will not further prosecute the defendant for the crimes set forth and described in the Factual Basis for Plea.

6. The parties agree that the offense of False Entries and Reports of Moneys or Securities, 18 U.S.C. § 2073, is governed by § 2B1.1 of the November 2002 Edition of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The parties further agree that the following Guidelines factors, computation, and analysis apply to the defendant in this case, resulting in a Combined Adjusted Offense Level of 12:

| | | |
|---|---|---|
| Base Offense Level | 6 | § 2B1.1(a) |
| Loss more than $10,000 | +4 | § 2B1.1(b)(1)C) |
| Abuse of Position of Trust | +2 | § 3B1.3 |
| Combined Adjusted Offense Level | 12 | |

7. Should the defendant comply fully with each of the terms of this Agreement and clearly demonstrate acceptance of responsibility for the instant offense, the United States will recommend that he receive a 2-level reduction under Guidelines § 3E1.1(a) ("Acceptance of Responsibility"). Assuming the application of § 3E1.1(a), the Total Offense Level applicable to the defendant is a Level 10, which results in a Zone B sentence. The parties acknowledge that because the applicable guideline range is within Zone B, the minimum sentence may be satisfied by any of the following: (a) 6-12

months imprisonment; (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention; or (c) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment . The parties agree that a Guidelines sentence within Zone B is an appropriate sentence, and further recommend that no adjustment to the Guidelines level other than those discussed in this Agreement is appropriate. Additionally, the defendant agrees that he will not move for a Downward Departure from the Guidelines level determined by the Court, and the United States agrees that it will not move for an Upward Departure. The Defendant understands that these recommendations and agreements are not binding upon the Court or the United States Probation Office, and that he will not be entitled to withdraw his plea of guilty if the Court rejects these recommendations.

8. The defendant understands and acknowledges that the Court is not bound by the Guidelines, but must consult the Guidelines and take them into account at sentencing. The defendant further understands and acknowledges that he may receive any sentence within the statutory maximum for the offense of conviction.

9. The defendant agrees that he will cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in his possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of the underlying investigation and prosecution, and of which he has knowledge, or relating to other matters deemed relevant to the United States. This includes, but is not limited to, participating in debriefings by attorneys and investigators within the United States Department of

Justice, Criminal Division; the Office of the Inspector General for the Department of Justice; and the Office of Professional Responsibility for the Drug Enforcement Administration..

10. The defendant agrees, for purposes of entering his initial appearance, arraignment, plea of guilty, sentencing, and all other appropriate proceedings relevant to the filing of this Agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia. The defendant expressly waives his right to object to venue in the District of Columbia.

11. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution, if any, the defendant may be ordered to pay. The defendant understands that the sentence and the sentencing guidelines applicable to this case will be determined solely by the Court, with the assistance of the United States Probation Office; that the Court may impose the maximum sentence permitted by statute; and that he will not be permitted to withdraw his plea regardless of the sentence calculated by the United States Probation Office or imposed by the Court.

12. The United States reserves the right to allocute in all respects as to the nature and seriousness of the offense and to make a recommendation as to sentencing. The attorneys for the United States will inform the Court and the Probation Office of: (1) this Agreement; (2) the nature and extent of the defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing.

13. The defendant, knowing and understanding all of the facts set out herein and in the attached Factual Basis for Plea, including the maximum possible penalties that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and

the manner in which the sentence is determined, in exchange for the concessions made by the United States in this Plea Agreement. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

14. Upon the defendant's failure to comply with any of the terms and conditions set forth in this Plea Agreement, including his failure to plead guilty in court to the offense specified in the Information and described in the Factual Basis for Plea, or if this Agreement becomes null and void pursuant to Paragraph 16, or for any other reason, the United States may fully prosecute the defendant on all criminal charges that can be brought against him. With respect to such a prosecution:

    a. The defendant waives any right to claim that any leads derived from his statements pursuant to this Agreement should be suppressed, are inadmissible, or that evidence presented in such prosecution is tainted by virtue of the statements he made; and

    b. The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

15. In the event of a dispute as to whether the defendant has knowingly committed any material breach of this Agreement, and if the United States chooses to exercise its rights under Paragraph 14, and if the defendant so requests, the matter shall be submitted to the Court for determination by the Court in an appropriate proceeding at which any admissible evidence may be used by the parties and at which time the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

16. The defendant agrees that if the Court does not accept his plea of guilty, this Plea Agreement shall be null and void.

17.  The defendant agrees to resign his employment with the Drug Enforcement Administration within 7 days of the Court's entry of final judgment and conviction in this case, and agrees hereafter to never seek employment or be employed as a law enforcement officer or agent, in any capacity whatsoever. The defendant understands that this prohibition will be included as a condition of his probation and/or supervised release, and that a violation of this condition could result in the defendant's imprisonment or return to prison.

18.  The defendant understands that this Plea Agreement is binding only upon the Public Integrity Section of the United States Department of Justice, Criminal Division. This Agreement does not bind any other United States Attorney's Office, or any state or local prosecutor. It also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including any civil or administrative claim brought by or made on behalf of the Drug Enforcement Administration. If requested, however, the Public Integrity Section will bring this Agreement to the attention of other prosecuting offices, civil authorities, or other officials. The defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this Agreement.

19. This Plea Agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendant. The United States has not made any other promises, agreements, or representations to the defendant or his attorneys in connection with this case. This Plea Agreement may be amended only by a writing signed by all parties.

EXECUTED on this 16TH day of September, 2005.

FOR THE DEFENDANT

FOR THE UNITED STATES

NOEL L. HILLMAN
Chief, Public Integrity Section
Criminal Division
United States Department of Justice

BY: *[signature]*
JAMES AGEE, Jr.
Defendant

BY: *[signature]*
KARTIK K. RAMAN
NATASHIA TIDWELL
Trial Attorneys
Public Integrity Section

BY: *[signature]*
JUDITH L. WHEAT, Esq.
Attorney for the defendant

7